UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS-E.: ANDERSON, Relator/Secured Party/creditor/sui juris, Ex. Rel. United States of America, Estate of Douglas Eugene Anderson, <br><br> Plaintiff, <br><br> vs. <br><br> PAUL TENHAKEN, Individually, a/k/a Paul Josephten Haken, a/k/a Paul Joseph Tenhaken, a/k/a Paul Joseph Haken, a/k/a Paul J Tenhaken, a/k/a Paul T Haken, a/k/a Paul Josephten Ten-Haken, a/k/a Paul J Haken; JON THUM, Individually, a/k/a Johathan Henry Thum, a/k/a Jonathan A Thum, a/k/a Jonathan D Thum, a/k/a Jonathon N Thum, a/k/a J H Thum, a/k/a John Thum; JEFF VAN GERPEN, (Badge/ID 998), Individually, a/k/a Jeff D Van Gerpen, a/k/a Jeff Van Gerpen, a/k/a Jeff Van, a/k/a Jeff N Vangerpen, a/k/a Jeffrey Dean Vangerpen; WADE MILLER, (Badge/ID 1116), Individually, a/k/a Wade Phillip Miller; TANNER POLLEMA, (Badge/ID 1072), Individually; DANIJEL MIHAJLOVIC, (Badge/ID 843), Individually, a/k/a Daniel Mihajlovic, a/k/a Dani Mihajlovic; MIKE MILSTEAD, Individually, a/k/a Michael w milstead, a/k/a Mike W Milstead, a/k/a Michael C Milstead, a/k/a Michael Milstead Sr;  DEPUTY BADGE #1714, Individually, Minnehaha County Sheriff's Office (true name unknown); DEPUTY BADGE #1574, Individually, Minnehaha County Sheriff's Office (true | 4:26-CV-04027-KES <br><br><br> ORDER DENYING PLAINTIFF'S MOTIONS FOR EXPEDITED DISCOVERY AND PRESERVATION ORDER, EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION, MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT, AND MOTION TO CORRECT DOCKET |

name unknown); DEPUTY BADGE #1873, Individually, Minnehaha County Sheriff's Office (true name unknown); PAUL L. CREMER, Individually, Individually, a/k/a Paul Leonard Cremer; JOE JARES, AIC, Individually, a/k/a Joe J Jares, a/k/a Joseph J Jares, a/k/a Joseph James Jares, a/k/a Joseph N Jares, a/k/a Joseoh Jares; JOSHUA CARR, Individually, a/k/a Josh Allan Carr, a/k/a Joshua Allan Carr, a/k/a Josh A. Carr, a/k/a Joshua A Carr; JESSICA LAMIE, Individually, a/k/a Jessica M Schoenfelder, a/k/a Jessica M Lamie, a/k/a Jessica Marie Lamie, a/k/a Jess Lamie; TARA ADAMSKI, Individually; TARAJO DEUTER-CROSS, Individually, a/k/a Tarajo F Deuter, a/k/a Tarajo F Deuter-Cross, a/k/a Tarajo F Cross, a/k/a Tara Deuter, a/k/a Tarajo C Cross; JON BASCHE, Individually, a/k/a Jon D Basche, a/k/a Jon Daniel Basche, a/k/a J Basche; ROSA YAEGAR, Individually, a/k/a Rosa K Yaeger, a/k/a Rosa Kay Diers, a/k/a Rosa Kay Yaeger, a/k/a Rosa K Diers; LYNN BREN, Individually, a/k/a Lynn M Bren, a/k/a Lynn Marie Wiekamp, a/k/a Lynn Craig, a/k/a Lynn M Wiekamp; CHRISTOPHER MADSEN, Individually, a/k/a Christopher N Madsen, a/k/a Christopher E Madsen; DOES 1-10; NICHOLAS POPPE, Individually; and NATHAN, DUMM & MAYER, P.C.,

Defendants.

Plaintiff Douglas E. Anderson, who is proceeding pro se, commenced this action against numerous city and county officials as well as private parties

2

alleging "unlawful seizure, kidnapping, and conversion of biometric identifiers[.]" Docket 1 at 2. Anderson denies that he is a United States citizen and states that he "stands as one of the People of the South Dakota Republic, protected by the 5th Amendment and the Organic Constitution." *Id.* ¶ 4.3. Because of his alleged status as foreign national to the municipal corporation, Anderson asserts that he is "immune from the administrative 'codes' and 'statutes' enforced by the Defendants." *Id.*¶ 4.5.3. In the "Introduction" section of his complaint, Anderson summarizes the factual background giving rise to this action as follows:

> This action arises from a coordinated course of coercion and retaliation in which the Relator was repeatedly targeted with civil process tied to an out-of-state case (Colorado District Court, Denver County, Case No. 2025CV2771) and then arrested and jailed in Sioux Falls on December 8, 2025. During this unlawful detention, the Relator's full SSN and DL number were recorded on booking paperwork. Relator alleges state actors and private claims actors worked together to 'backdoor' the Relator to surrender and exploitation of his personal identifiers after the Relator refused to voluntarily provide them.

*Id.* ¶ 1.1 (emphasis in original omitted).

## I.    Rule 4(m) Notice

When Anderson filed his complaint, the Clerk of Court issued summonses for Jon Basche, Lynn Bren, Joshua Carr, Paul L. Cremer, Deputy badge #1574, Deputy badge #1714, Deputy badge #1873, Tarajo Deuter-Cross, Joe Jares, AIC, Jessica Lamie, Christopher Madsen, Daniel Mihajlovic, Wade Miller, Mike Milstead, Tanner Pollema, Paul TenHaken, Jon Thum, Jeff Van Gerpen, and Rosa Yaegar. Docket 4. The summonses were provided to Anderson. *Id.* Defendants Bren, Deputy badge #1574, Deputy badge #1714,

Deputy badge #1873, Jares, Madsen, Miller, Milstead, Pollema, and Van Gerpen executed waivers of the service of summons. Docket 23. To date, the record does not indicate that the remaining defendants have been served. Anderson has not filed any proofs of service or waivers of the service of summons for these defendants.

Under Federal Rule of Civil Procedure 4(m), Anderson has 90 days to serve the summons and complaint on each defendant. Rule 4(m) states in relevant part that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). This court intends to dismiss Anderson's claims against Basche, Carr, Cremer, Deuter-Cross, Lamie, Mihajlovic, TenHaken, Thum, and Yaegar if Anderson does not serve these defendants by **May 5, 2026** or demonstrate good cause for his failure to do so.

A few days after filing the original complaint, Anderson filed an amended complaint adding two additional defendants. Docket 6. The Clerk of Court issued summonses for the two additional defendants and provided the summonses to Anderson. Docket 7. This court intends to dismiss Anderson's claims against Nicholas Poppe and Nathan Dumm & Mayer, P.C., *see* Docket 6, if Anderson does serve these defendants by **May 11, 2026** or demonstrate good cause for his failure to do so.

4

## II.    Motion for Expedited Discovery and Preservation Order

Anderson moves for expedited discovery and requests that the court order defendants and "their digital vendors" to preserve certain evidence. Docket 2. Federal Rule of Civil Procedure 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]" Fed. R. Civ. P. 26(d)(1). Other than summarily asserting that the discovery he seeks is "time-sensitive and critical to proving a coordinated conspiracy[,]" *see* Docket 2 at 1, Anderson provides no facts or legal authorities to support his request that the court deviate from the requirements of the Federal Rules of Civil Procedure.

In addition, Anderson provides no supporting facts to demonstrate why he believes the evidence he seeks to preserve will no longer be available if and when it is permissible for the parties to conduct discovery. Anderson offers no reason why he cannot notify the defendants of this lawsuit and request that defendants preserve all potentially discoverable evidence. In fact, if Anderson, in accordance with the court's Rule 4(m) notice serves the defendants, defendants will be obligated, without any order from the court, to preserve any evidence relevant to this lawsuit. A party has an obligation to preserve evidence when the party knows that the evidence is relevant to future or current litigation. *Blazer v. Gall,* 1:16-CV-01046-KES, 2019 WL 3494785, at *3 (D.S.D. Aug. 1, 2019). "Generally, a defendant's duty to preserve evidence is triggered at the time the case is filed, unless the defendant before that time becomes aware of facts from which it should reasonably know that evidence is to be

5

preserved as relevant to future litigation." *Swindle v. Christy*, 2021 WL 5297047, at *3 (W.D. Mo. Mar. 4, 2021) (citation omitted); *see also* Fed. R. Civ. P. 37(e) (outlining sanctions that may be ordered for failing to preserve electronically stored information). Anderson's motion for expedited discovery and preservation order (Docket 2) is denied.

### III.   Emergency Motion for Temporary Restraining Order and Preliminary Injunction

Along with his complaint, Anderson filed a motion for temporary restraining order and preliminary injunction. Docket 3. Temporary restraining orders and preliminary injunctions are extraordinary remedies, and the party seeking such relief bears the burden of establishing his entitlement to the relief under the *Dataphase* factors. *See Watkins Inc. v. Lewis*, 346 F.3d 841, 844 (8th Cir. 2003). Anderson has failed to meet his burden here. Although he summarily asserts that he faces "immediate threat" of kidnapping/unlawful arrest, theft of trust assets, and trespass on ecclesiastical property, *see* Docket 3 at 3, Anderson provides no specific facts to support his speculative, conclusory allegations. Further, neither the complaint nor his motion for temporary restraining order and preliminary injunctive relief are verified. *See generally* Dockets 1, 3. Federal Rule of Civil Procedure 65(b)(1)(A) permits the court to issue a temporary restraining order without notice only if "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A). Here, Anderson

6

falls far short of the showing required for issuance of a temporary restraining order.

Anderson summarily asserts that he is likely to succeed on the merits based on his allegations in the complaint that defendants' actions were *void ab initio* because they lacked filed oaths of office, he holds a superior maritime time lien (UCC/Coast Guard perfected), and defendants are operating a RICO enterprise for commercial gain. Docket 3 at 3. Notably, this is the fourth action Anderson has commenced in the District of South Dakota asserting various claims based on sovereign citizen ideology very similar to the claims he now asserts. Anderson's previous actions were dismissed for failing to state a viable cause of action. *See Anderson v. Idaho Housing & Finance Assoc.*, 4:23-CV-04036-LLP, Docket 19 (D.S.D. June 1, 2023); *Anderson v. Haggar*, 4:23-CV-04024-KES, Docket 25 (D.S.D. Feb. 27, 2024); *Anderson v. Halliday, Watkins, Mann, PC*, 4:25-CV-04024-CCT, Docket 116 (D.S.D. Dec. 16, 2025). Additionally, Anderson attempted to remove from small claims court in Minnehaha County, South Dakota, an action in which Voyage Federal Credit Union alleged that Anderson did not pay a vehicle loan, which Anderson contested. *Voyage Fed. Credit Union v. Douglas E. Anderson*, 4:24-CV-04190-RAL (D.S.D. Oct. 16, 2024). And that action was dismissed for failure to state a claim over which the court has subject-matter jurisdiction. *Id.* at Docket 12. The Eighth Circuit has described claims rooted in sovereign citizen ideology as "completely without merit, [and] patently frivolous[.]" *United States v. Jagim*, 978 F.2d 1032, 1036 (8th Cir. 1992). Thus, this court disagrees that Anderson

7

has demonstrated that he is likely to prevail on the merits. For these reasons,

Anderson's motion for temporary restraining order and preliminary injunction

(Docket 3) is denied.

**IV.    Motion for Leave to File Second Amended Complaint**

Anderson moves for leave to file a second amended complaint. Docket 18.

Pursuant to Federal Rule of Civil Procedure 15(a), a party may amend its

pleading once as a matter of course. Fed. R. Civ. P. 15(a)(1). Here, Anderson

has already amended his complaint once as a matter of course to add two

additional defendants, Nicolas Poppe and Nathan, Dumm & Meyer, P.C. Docket

6.[1] Because Anderson has already amended his complaint once as a matter of

---

[1] Anderson titled his pleading as a "Supplemental Verified Complaint[.]" Docket 6 at 1. But the pleading was properly docketed as an amended complaint. Unlike an amended pleading, which adds matters overlooked or unknown to a party when filing, "[a] supplemental pleading [ ] is designed to cover matters subsequently occurring but pertaining to the original cause." *United States v. Vorachek*, 563 F.2d 884, 886 (8th Cir. 1977) (per curiam) (citing cases); *see Griffin v. Cnty. Sch. Bd. of Prince Edward Cnty.*, 377 U.S. 218, 227 (1964) ("Rule 15(d) . . . plainly permits supplemental amendments to cover events happening after suit, and it follows [ ] that persons participating in these new events may be added if necessary.").

Anderson's pleading states that it is a "continuance of . . . [his] ongoing private audit and RICO investigation into the criminal enterprise first identified in the original Claim." Docket 6 at 1. That Anderson may have only recently discovered that additional defendants "acted in concert with the original Defendants to extort and defraud [him,]" does not transform the pleading from an amended complaint into a supplemental complaint. *See id.* Federal Rule of Civil Procedure 15(d) provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). As this case proceeds, Anderson will not be permitted to file any supplemental complaints or supplements to the amended complaint without leave of court.

8

course, he may only file a second amended complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

The District of South Dakota's Local Rules of Civil Practice require that "any party moving to amend or supplement a pleading must attach a copy of the proposed amended pleading to its motion to amend with the proposed changes highlighted or underlined so that they may be easily identified." D.S.D. Civ. LR 15.1. Anderson did not submit a proposed second amended complaint with the proposed changes highlighted or underlined along with his motion for leave to file a second amended complaint. *See generally* Docket 18. The Eighth Circuit has "repeatedly held that a district court does not abuse its discretion in denying leave to amend when the party seeking leave has failed to follow procedural rules or failed to attach the proposed complaint." *Ellis v. City of Minneapolis*, 518 F. App'x 502, 504–05 (8th Cir. 2013) (per curiam). Thus, Anderson's motion for leave to file a second amended complaint (Docket 18) is denied.

If Anderson chooses to file another motion for leave to file a second amended complaint, he is on notice that "an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *Schlafly v. Eagle F.*, 970 F.3d 924, 933 (8th Cir. 2020) (quoting *Acuity v. Rex, LLC*, 929 F.3d 995, 999 (8th Cir. 2019)); *see also* 6 *Wright & Miller's Federal Practice & Procedure* § 1476 (3d ed. 2025) (recognizing that an amended pleading "supersedes the pleading it modifies and remains in effect throughout the action unless it subsequently is modified").

9

## V.    Motion to Correct Docket Sheet

Because Anderson is proceeding without counsel, the docket sheet, in accordance with the District of South Dakota's standard procedure, identifies Anderson as a "pro se" plaintiff. Anderson moves to correct the docket sheet stating he is "**NOT** appearing 'Pro Se[,]' " and is "appearing **Sui Juris** ('Of One's Own Right')." Docket 20 at 1 (emphasis in original).[2]

There would be no legal significance in ordering that the docket sheet be amended or corrected to designate that Anderson is proceeding "sui juris" as opposed to "pro se." The terms are not mutually exclusive:

> The term *sui juris* is a Latin term and translates as "of one's own right; independent." In the legal field, *sui juris* is used to signify someone who has reached the age of majority or someone who possesses full civil rights. Pro se is also a Latin term and it translates as "[f]or oneself; on one's own behalf." In the legal field, pro se is used to indicate a litigant who is proceeding without the assistance of a lawyer. By their plain meanings, the two terms convey different ideas and have no effect on each other.

*Miranda ex rel. M.M. v. Alexander*, 2022 WL 832576, at *5 (M.D. La. Feb. 24, 2022) (quoting *Winsey v. Nationstar Mortg. LLC*, 2017 WL 2931381, at *1 (M.D. Fla. July 10, 2017)). Federal courts routinely designate parties who assert they are appearing sui juris rather than pro se as appearing pro se and reject requests to modify or change the parties' status. *See, e.g.*, *Cassidy v. Marshals Off. City of Lafayette*, 2025 WL 1658224, at *2 (W.D. La. May 28, 2025); *Jackson v. Massachusetts*, 2018 WL 5017919, at *1 (D. Mass. Oct. 15, 2018)

---

[2] The caption of this order as well as the caption set out in the docket sheet, in conformity with the District of South Dakota's standard procedure, adopts the identification of the parties in the caption of the initial complaint Anderson filed. *See generally* Docket 1.

("To the degree [the plaintiff] maintains that he is not a *pro se* litigant but a 'sui juris' party, his position is facially deficient."); *Hall v. Washington Mut. Bank*, 2010 WL 11549664, at *3 (C.D. Cal. July 7, 2010) ("Federal courts . . . have regarded parties as appearing *pro se* even where the parties have asserted that they are appearing *sui juris* rather than *pro se*."). Because there is no supporting legal authority for Anderson's motion to correct the docket sheet, his motion to correct the docket sheet (Docket 20) is denied.

## VI.    Conclusion

For the reasons discussed above, it is ORDERED:

1. That Anderson shall serve Basche, Carr, Cremer, Deuter-Cross, Lamie, Mihajlovic, TenHaken, Thum, and Yaegar by **May 5, 2026** and file proof of service with the Clerk of Court by **May 19, 2026**. Failure to do so will result in Anderson's claims being dismissed without prejudice against any defendant who is not served pursuant to Federal Rule of Civil Procedure 4(m).

2. That Anderson shall serve each defendant named in his amended complaint (Docket 6) by **May 11, 2026** and file proof of service with the Clerk of Court by **May 26, 2026**. Failure to do so will result in Anderson's claims being dismissed without prejudice against any defendant who is not served pursuant to Federal Rule of Civil Procedure 4(m).

3. That Anderson's motion for expedited discovery and preservation order (Docket 2) is denied.

11

4.    That Anderson's motion for temporary restraining order and preliminary injunction (Docket 3) is denied.

5.    That in accordance with Federal Rule of Civil Procedure 15(d), Anderson is not permitted to file any supplemental pleadings without leave of court.

6.    That Anderson's motion for leave to file a second amended complaint (Docket 18) is denied.

7.    That Anderson's motion to correct docket sheet (Docket 20) is denied.

8.    That Anderson may not file, without leave of court, any documents in this case that are not a pleading as identified in Federal Rule of Civil Procedure 7, a motion seeking a court order, or other document permitted by the Federal Rules of Civil Procedure or the District of South Dakota's Civil Local Rules of Practice. If Anderson files a motion seeking a court order, the motion must state with particularity the relief sought and the grounds, including supporting legal authorities, for seeking the order. *See generally* Fed. R. Civ. P. 7(b); D.S.D. Civ. LR 7.1. If Anderson seeks to file a document that is not a motion or a pleading, the document must identify the Federal Rule of Civil Procedure or the Local Rule that

permits the document to be filed.

Dated March 16, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE