UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS-E.: ANDERSON, Relator/Secured Party/creditor/sui juris, Ex. Rel. United States of America, Estate of Douglas Eugene Anderson, <br><br> Plaintiff, <br><br> vs. <br><br> PAUL TENHAKEN, Individually, a/k/a Paul Josephten Haken, a/k/a Paul Joseph Tenhaken, a/k/a Paul Joseph Haken, a/k/a Paul J Tenhaken, a/k/a Paul T Haken, a/k/a Paul Josephten Ten-Haken, a/k/a Paul J Haken; JON THUM, Individually, a/k/a Johathan Henry Thum, a/k/a Jonathan A Thum, a/k/a Jonathan D Thum, a/k/a Jonathon N Thum, a/k/a J H Thum, a/k/a John Thum; JEFF VAN GERPEN, (Badge/ID 998), Individually, a/k/a Jeff D Van Gerpen, a/k/a Jeff Van Gerpen, a/k/a Jeff Van, a/k/a Jeff N Vangerpen, a/k/a Jeffrey Dean Vangerpen; WADE MILLER, (Badge/ID 1116), Individually, a/k/a Wade Phillip Miller; TANNER POLLEMA, (Badge/ID 1072), Individually; DANIJEL MIHAJLOVIC, (Badge/ID 843), Individually, a/k/a Daniel Mihajlovic, a/k/a Dani Mihajlovic; MIKE MILSTEAD, Individually, a/k/a Michael w milstead, a/k/a Mike W Milstead, a/k/a Michael C Milstead, a/k/a Michael Milstead Sr;  DEPUTY BADGE #1714, Individually, Minnehaha County Sheriff's Office (true name unknown); DEPUTY BADGE #1574, Individually, Minnehaha County Sheriff's Office (true | 4:26-CV-04027-KES <br><br><br> ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL |

name unknown); DEPUTY BADGE #1873, Individually, Minnehaha County Sheriff's Office (true name unknown); PAUL L. CREMER, Individually, Individually, a/k/a Paul Leonard Cremer; JOE JARES, AIC, Individually, a/k/a Joe J Jares, a/k/a Joseph J Jares, a/k/a Joseph James Jares, a/k/a Joseph N Jares, a/k/a Joseoh Jares; JOSHUA CARR, Individually, a/k/a Josh Allan Carr, a/k/a Joshua Allan Carr, a/k/a Josh A. Carr, a/k/a Joshua A Carr; JESSICA LAMIE, Individually, a/k/a Jessica M Schoenfelder, a/k/a Jessica M Lamie, a/k/a Jessica Marie Lamie, a/k/a Jess Lamie; TARA ADAMSKI, Individually; TARAJO DEUTER-CROSS, Individually, a/k/a Tarajo F Deuter, a/k/a Tarajo F Deuter-Cross, a/k/a Tarajo F Cross, a/k/a Tara Deuter, a/k/a Tarajo C Cross; JON BASCHE, Individually, a/k/a Jon D Basche, a/k/a Jon Daniel Basche, a/k/a J Basche; ROSA YAEGAR, Individually, a/k/a Rosa K Yaeger, a/k/a Rosa Kay Diers, a/k/a Rosa Kay Yaeger, a/k/a Rosa K Diers; LYNN BREN, Individually, a/k/a Lynn M Bren, a/k/a Lynn Marie Wiekamp, a/k/a Lynn Craig, a/k/a Lynn M Wiekamp; CHRISTOPHER MADSEN, Individually, a/k/a Christopher N Madsen, a/k/a Christopher E Madsen; DOES 1-10; NICHOLAS POPPE, Individually; and NATHAN, DUMM & MAYER, P.C.,

Defendants.

Plaintiff Douglas E. Anderson, who is proceeding pro se, commenced this action against numerous city and county officials as well as private parties

2

alleging "unlawful seizure, kidnapping, and conversion of biometric identifiers[.]" Docket 1 at 2. Anderson denies that he is a United States citizen and states that he "stands as one of the People of the South Dakota Republic, protected by the 5th Amendment and the Organic Constitution." *Id.* ¶ 4.3. Because of his alleged status as foreign national to the municipal corporation, Anderson asserts that he is "immune from the administrative 'codes' and 'statutes' enforced by the Defendants." *Id.*¶ 4.5.3. In the "Introduction" section of his complaint, Anderson summarizes the factual background giving rise to this action as follows:

> This action arises from a coordinated course of coercion and retaliation in which the Relator was repeatedly targeted with civil process tied to an out-of-state case (Colorado District Court, Denver County, Case No. 2025CV2771) and then arrested and jailed in Sioux Falls on December 8, 2025. During this unlawful detention, the Relator's full SSN and DL number were recorded on booking paperwork. Relator alleges state actors and private claims actors worked together to 'backdoor' the Relator to surrender and exploitation of his personal identifiers after the Relator refused to voluntarily provide them.

*Id.* ¶ 1.1 (emphasis in original omitted).

By order dated March 16, 2026, the court denied Anderson's motion for expedited discovery, emergency motion for temporary restraining order or preliminary injunction, motion for leave to file a second amended complaint, and motion to correct the docket. Docket 24. The court also notified Anderson that the court intended to dismiss Anderson's claims against unserved defendants under Federal Rule of Civil Procedure 4(m) if Anderson did not serve and file proof of service on those defendants within the time specified by the court. *Id.* at 11.

Anderson moves to recuse the undersigned and contends that the March 16, 2026, order is void. Docket 35. Anderson contends that the undersigned must "immediately recuse herself from this matter and cease all administrative actions against the Anderson Family Trust, Douglas Eugene Anderson Estate as she lacks the requisite constitutional judicial authority[.]" *Id.* at 6 (capitalization and emphasis in original omitted). According to Anderson, the undersigned "is not exercising the judicial power vested in an Article III judge. Instead, she is operating under color of law as an administrator, attempting to exercise powers constitutionally reserved for the judicial branch, without the requisite authority." *Id.* at 5.

Under 28 U.S.C. § 144, a party may seek recusal of a judge by filing a legally sufficient affidavit that demonstrates a personal bias or prejudice of the judge. *United States v. Faul,* 748 F.2d 1204, 1210 (8th Cir. 1984). The alleged bias or prejudice "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from [her] participation in the case." *Id.* at 1211 (quoting *United States v. Grinnell Corp.,* 384 U.S. 563, 583 (1966)). Under 28 U.S.C. § 455(a), a judge is required to "disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned." This section requires disqualification "if a reasonable person who knew the circumstances would question the judge's impartiality, even though no actual bias or prejudice has been shown." *Fletcher v. Conoco Pipe Line Co.,* 323 F.3d 661, 664 (8th Cir. 2003) (citation omitted). "A party introducing a motion to recuse carries a heavy burden of proof; a judge is

4

presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." *Id.* (citation omitted).

Here, Anderson does not seek recusal based on bias, prejudice, or lack of impartiality. *See generally* Docket 35. Instead, Anderson asserts, without any colorable legal or factual basis, that the undersigned is not a duly appointed Article III judge. Anderson's position is without merit and frivolous. Of note, Anderson attached a copy of the commission from President William Jefferson Clinton appointing the undersigned as a United States District Judge for the District of South Dakota in accordance with Article III of the United States Constitution. Docket 35-1 at 5. One of Anderson's previous cases was assigned to the undersigned, and Anderson did not contend in that case the undersigned was not a duly appointed Article III judge. *Anderson v. Haggar*, 4:23-CV-04024-KES (D.S.D. Feb. 14, 2023). The United States Court of Appeals for the Eighth Circuit summarily affirmed the court's order granting defendants' motion to dismiss Anderson's complaint for failure to state a claim upon which relief can be granted. *Id.* at Docket 33.

Finally, during the pendency of this case, the Eighth Circuit has issued opinions affirming judgments entered by the undersigned. *See United States v. Wolfe*, No. 25-2862, 2026 WL 1283376, at *1 (8th Cir. May 11, 2026) (per curiam); *United States v. Warrior*, No. 24-3055, 2026 WL 1242737, at *1 (8th Cir. May 6, 2026) (per curiam); *United States v. Drust*, No. 25-1901, 2026 WL 933969, at *1 (8th Cir. Apr. 7, 2026) (per curiam); *United States v. Brewer*, No. 24-2723, 2026 WL 925020, at *2 (8th Cir. Apr. 6, 2026) (per curiam); *United*

*States v. Hamdan*, 168 F.4th 1087, 1092 (8th Cir. 2026). If the undersigned did not have authority to exercise judicial power vested in an Article III judge, the Eighth Circuit would not have affirmed the court's orders and judgments.

Thus, it is ORDERED that Anderson's motion for recusal, Docket 35, is denied. Anderson's request that Docket 24 be stricken from the record as void *ab initio* is also denied.

Dated May 13, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*

KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

6