UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| DOUGLAS E. ANDERSON,<br><br>          Plaintiff,<br><br>vs.<br><br>JEFF VAN GERPEN, *et al.*,<br><br>          Defendants. | 4:26-CIV-04027-CBK<br><br>MEMORANDUM OPINION<br><br>AND ORDER |

Plaintiff filed Doc. 1, calling it "CLAIMS FOR DAMAGES AND INJUNCTIVE RELIEF." The complaint consists of 179 pages, including a large number of exhibits and pieces of paper. Judge Schrier presided over the case for a period of time, made various rulings and denied any injunctive relief. She has entered an Order of recusal and the case has been randomly assigned to me. She found it necessary to recuse because plaintiff brought a civil action against Judge Schrier in the District Court for the District of Columbia.

Plaintiff is a *pro se* litigant. I am well aware of a maxim of the law that *pro se* litigants should not be held to all the standards of licensed attorneys. *Pro se* litigants, however, do not have the right to grossly violate the Federal Rules of Civil Procedure. Here, plaintiff has done just that. Rule 8 deals with general rules of pleading. We know that a pleading that states a claim must contain "a short and plain statement of the grounds for the court's jurisdiction . . ." and "a short and plain statement of the claim showing that the pleader is entitled to relief . . ." Rule 8(d) requires that each allegation "must be simple, concise and direct." The document grossly violates those rules and the action should be dismissed on those grounds alone.

No judge would permit the plaintiff to, during a trial, make arguments and claims having nothing to do with the present case. But that is exactly what plaintiff is now attempting to place on the public record. Plaintiff is grossly abusing the judicial process. When a litigant's conduct abuses the judicial process, as here, the remedy of dismissal is within the inherent powers of the court. Keefer v. Provident Life & Acc. Ins. Co., 238 F.3d 937, 940 (8th Cir. 2000) )(*citing* Chrysler Corp. v. Carey, 186 F. 3rd 1016, 1022 (8th Cir. 1999)). Likewise, when a litigant's conduct abuses the judicial process, the United States Supreme Court has recognized that

dismissal of the lawsuit is within the inherent powers of the court. Pope v. Fed. Exp. Corp., 974 F.2d 982, 984 (8ᵗʰ Cir. 1992) (*citing* Chambers v. NASCO, Inc., 501 U.S. 32, 44-45, 111 S. Ct. 2123, 2133, ll5 L.Ed.2nd 27 (1991).

As a general rule, federal courts have a "virtually unflagging obligation" to exercise jurisdiction in proper cases. Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976). Looking at what plaintiff has filed here, that general rule does not apply. Plaintiff is attempting to proceed in admiralty for claimed "maritime torts and kidnapping" by law enforcement officials. He seeks to attack actions by state courts although a federal district court does not entertain law suits seeking to nullify state court actions. He is well known as a frequent litigant attempting to harass courts and law enforcement officials as shown by the public records. I decline to entertain this excessive nonsense. A litigant is not to be allowed to clutter up a complaint with possible items of evidence, frivolous citations and false claims, including that his body is a vessel, that South Dakota is a Republic, that non-existent contracts exist, that he is not required to follow the Federal Rules that apply in this court, that he cannot legally be required to pay the filing fee, that he is exercising rights in this case under the Uniform Commercial Code, and other false and totally frivolous arguments. "Judges are not like pigs, hunting for truffles buried in briefs." United States v. Dunkel, 927 F.2d 955, 956 (7th Cir. 1991). Nor are judges, like pigs, required to hunt for truffles in complaints consisting of 179 pages of mish-mash.

I also apply the "Pullman Doctrine" (Railroad Comm'n v. Pullman Co., 312 U.S. 496 (1941). The "Pullman abstention doctrine" requires consideration of (1) the effect abstention would have on the rights to be protected by considering the nature of both the right and necessary remedy; (2) available state remedies; (3) whether the challenged state law is unclear; (4) whether the challenged state law is fairly susceptible to an interpretation that would avoid any federal constitutional question; and (5) whether abstention will avoid unnecessary federal interference in state operations. George v. Parratt, 602 F.2d 818, 820-22 (8th Cir. 1979). The last factor mentioned incorporates two distinct considerations: (a) whether there is a pending state action that will be disrupted, and (2) whether federal intervention would interfere with state procedures and policies in areas of special state interest. *Id.* at 822. Federal courts may abstain from

deciding a particular issue, the abstention springing from "traditional principles of equity, comity, and federalism." Alleghany Corp. v. McCartney, 898 F.2d 1138, 1142 (8th Cir. 1990). Abstention may be proper in order "to avoid unnecessary friction in federal-state relations, interference with important state functions, tentative decisions on questions of state law, and premature constitutional adjudication . . . The doctrine . . . contemplates that deference to state court adjudication only be made where the issue of state law is uncertain." Harman v. Forssenius, 380 U.S. 528, 534 (1965).

"The Pullman doctrine now exists in an 'extraordinary and narrow' form, Allegheny Cnty. v. Frank Mashuda Co., 360 U.S. 185, 188 (1959)." Hunter, et al. v.Page County, Iowa, et. al. (8th Cir. May 17, 2024. The question is always a matter of the district court exercising its discretion. A federal court should not be involved in determining whether oaths of office of members of the Sioux Falls Police Department and the Chief of Police are invalid. The complaint is "chuck full" of attempts to interfere with pending state actions.

I take judicial notice of the records of the South Dakota Unified Judicial System which are found on the court's e-courts data base. Those records show that plaintiff in this case was indicted on July 9, 2025, in South Dakota Circuit Court, Sixth Judicial Circuit, Hughes County and charged with harassment by threat of fraudulent legal proceedings or liens, a Class 1 misdemeanor, 32CRI25-000318. Judge Christina Klinger is presiding over that case, which is pending. Judge Adamski was the presiding judicial officer until she disqualified herself on February 6, 2026.

Plaintiff was arrested on October 28, 2025, and cited for obstruction of police, jailor, or firefighter. An information was filed on February 5, 2026, in South Dakota Circuit Court, Second Judicial Circuit, Minnehaha County, charging obstruction, a Class 1 misdemeanor, 49CRI26-000925. Judge Jonathan Leddige is presiding in that case, which is pending. A jury trial is scheduled for July 21, 2026.

Also pending against plaintiff in South Dakota Circuit Court, Second Judicial Circuit, Minnehaha County, is a judicial foreclosure action to foreclose on a mortgage securing plaintiff's home at 2208 S. Braemar Dr. Sioux Falls, South Dakota, 49 CIV25-000906. That case is pending before Judge Natalie Damgaard.

This action should be dismissed for fragrant violations of the Federal Rules of Civil Procedure as well as principles of abstention. I have carefully considered whether the dismissal should be "without prejudice", something that would normally be used first. I consider the outrageous allegations, false claims, and the long history of the plaintiff in attempting to harass courts and law enforcement officials in deciding to dismiss with prejudice. This case should be dismissed with prejudice.

Plaintiff is cautioned about filing any purported liens or other documents attempting to extort or harm me in my position as a United States District Judge or to harm or threaten my family. Doing so could well have severe consequences for him. Based on his history, he is forewarned.

Now, therefore, IT IS ORDERED, as follows:

1) This case is dismissed, with prejudice.

2) The Clerk's office for the District of South Dakota shall not accept for filing any action by plaintiff without the prior approval of a United States District Judge, the sole exception being a possible notice of appeal.

Dated this 22nd day of June, 2026.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge

4